Filed 3/4/15  P. v. Esparza CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C075007 |
| Plaintiff and Respondent, | (Super. Ct. No. CM027560) |
| v. | |
| ANTONIO RICHARD ESPARZA, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Defendant Antonio Richard Esparza filed a supplemental brief arguing that the Butte County trial court erred in imposing consecutive state prison terms for his Sacramento County and Butte County convictions.  We address this issue, in addition to undertaking a review of the record as required by *Wende*, and affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

## FACTUAL AND PROCEDURAL BACKGROUND

On November 14, 2007, law enforcement officers executed a search warrant at defendant's residence and located 548 grams of cocaine, two handguns, ammunition, a digital scale, and a Taser. Defendant was charged in Butte County Superior Court with possession of cocaine salt for sale, with the special allegation that he was armed with a firearm during the commission of the offense. (Health & Saf. Code, § 11351; Pen. Code, § 12022, subd. (a)(1).)[1]

Defendant pleaded guilty and admitted the special allegation. On January 15, 2009, the trial court sentenced defendant to the mid-term of three years for possession of cocaine for sale and a consecutive one year for the armed enhancement. Execution of sentence was suspended pending successful completion of probation, which was conditioned upon, inter alia, service of 90 days in jail, a minimum of six months in residential treatment, and 200 hours of community service. Various fines and fees were also imposed.

On June 10, 2009, defendant admitted violating his probation. Defendant had terminated his participation in his residential treatment program without permission. His probation was reinstated.

On December 6, 2010, a second petition for violation of probation was filed alleging defendant had been intoxicated in violation of the conditions of his probation and had also violated the law by driving while intoxicated. A bench warrant was issued for defendant's arrest. On March 8, 2012, the petition for violation of probation was amended, adding the allegation that defendant had violated the law by possessing cocaine for sale. At that time, defendant was in custody in the Sacramento County jail.

---

[1] Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

On May 13, 2013, a jury found defendant guilty of possessing cocaine for sale and the Sacramento County Superior Court sentenced defendant to the upper term of four years, plus three years for the allegation that defendant had a prior drug conviction. The aggregate term of seven years, to be served in county jail pursuant to section 1170, subdivision (h), with three years of that term to be served on mandatory supervision.

On July 16, 2013, defendant admitted violating his probation in this case by possessing cocaine for sale, for which he had been convicted in Sacramento County. Defendant requested the Butte County Superior Court sentence him to county jail in accordance with the Realignment Act. (Stats. 2011, ch. 15, § 1; Stats. 2011, 1st Ex.Sess. 2011-2012, ch. 12, § 1 (the Realignment Act).) The trial court denied his request and sentenced defendant to state prison for an aggregate term of eight years four months, calculated as follows: the upper term of four years for possession of cocaine for sale on the Sacramento County case; a consecutive three-year term for the prior drug conviction in the Sacramento County case; one-third the midterm (one year) for possession of cocaine for sale in the Butte County case; and one-third of the armed enhancement (four months) in the Butte County case. Fines and fees were imposed in connection with each case; 1189 days of custody credit were awarded in connection with the Sacramento County case, and 74 days of custody credit were awarded in connection with the Butte County case.

Defendant appeals. This appeal relates to the Butte County case, as his appeal in the Sacramento County case is the subject of a separate appeal. (Case No. C074121.)

## DISCUSSION

### I. Imposition of Consecutive Sentences

The Sacramento County trial court initially imposed a "split sentence" under the Realignment Act. When the Butte County court resentenced defendant in accordance with section 1203.2a, the Sacramento County sentence was used as the principle term for

3

consecutive sentencing, and defendant's split sentence was converted into a straight seven-year prison term.

Defendant argues that he was placed on probation in Sacramento County and, accordingly, it was improper for the Butte County court to order consecutive prison terms. Defendant, however, was *not* placed on probation in Sacramento County. He was sentenced to seven years, three of which were to be served on mandatory supervision pursuant to section 1170, subdivision (h). A county jail commitment, followed by mandatory supervision imposed under section 1170, subdivision (h), is akin to a state prison commitment. It is *not* a grant of probation or a conditional sentence. (*People v. Fandinola* (2013) 221 Cal.App.4th 1415, 1422-1423.)

To the extent defendant is arguing that the Butte County court should have ordered three of his years be served on mandatory supervision, such a sentence would be unauthorized.

"[T]he Realignment Act is not applicable to defendants whose state prison sentences were imposed and suspended prior to October 1, 2011. Upon revocation and termination of such a defendant's probation, the trial court ordering execution of the previously imposed sentence must order the sentence to be served in state prison according to the terms of the original sentence, even if the defendant otherwise qualifies for incarceration in county jail under the terms of the Realignment Act." (*People v. Scott* (2014) 58 Cal.4th 1415, 1419.)

Thus, because defendant's Butte County sentence was imposed prior to October 1, 2011, the Realignment Act does not apply to his sentence. The fact that the Sacramento County sentence was imposed after October 1, 2011, does not render any portion of defendant's sentence subject to the Realignment Act. In order for defendant to be subject

4

to Realignment Act sentencing, every offense for which he is sentenced must be eligible under the Realignment Act.  (§ 1170.1, subd. (a).)[2]

## II.  *Wende* **Review**

Having also undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


                                                    MURRAY          , J.



We concur:



      BLEASE          , Acting P. J.



      HULL          , J.

<hr />

**2**  Section 1170.1 provides, in pertinent part:  "(a) Except as otherwise provided by law, and subject to Section 654, when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements for prior convictions, prior prison terms, and Section 12022.1. . . .  *Whenever a court imposes a term of imprisonment in the state prison, whether the term is a principal or subordinate term, the aggregate term shall be served in the state prison, regardless as to whether or not one of the terms specifies imprisonment in a county jail pursuant to subdivision (h) of Section 1170*."  (Italics added.)